**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY ALAN BENNETT, | : | Civil No. 3:21-cv-1578 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| DEPUTY WARDEN JEFF SCOTT, *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

## I. Background

Plaintiff Corey Alan Bennett ("Plaintiff"), an inmate confined at the Franklin County Prison, in Chambersburg, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Presently pending before the Court is Plaintiff's motion for appointment of counsel. (Doc. 28). For the reasons set forth below, the Court will deny the motion without prejudice.

## II. Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made

when circumstances indicate “the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.” *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the “precious commodity” of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir. 2007).

Here, Plaintiff bases the motion on the alleged complexity and seriousness of the case and his limited knowledge of the law. (Doc. 28). However, thus far, Plaintiff has

demonstrated that he is capable of properly and forcefully prosecuting his claims. Despite Plaintiff's incarceration, investigation of the facts is not beyond his capabilities, and he is familiar with the facts of his case. Moreover, the Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated:

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* . . . even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 15-67. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: April 22, 2022